The Honorable Randy Thurman State Representative P.O. Box 584 Heber Springs, Arkansas 72543-0584
Dear Representative Thurman:
This is in response to your request for an opinion on the award of a school district construction contract in light of A.C.A. 22-9-203 (Cum. Supp. 1993).[1] This statute requires that bidding procedures be utilized where school districts, counties, municipalities and other entities enter into contracts which provide "for the making of major repairs or alterations, for the erection of buildings or other structures, or for making other permanent improvements" and where the estimated costs of the work exceed (for school districts) thirty thousand dollars. Subsection (e) of this statute provides as follows:
 In the event that all bids submitted exceed the amount appropriated for the award of the contract and if bidding on alternates was not required by the plans and specifications, the state agency[2] or its designated representatives shall have the authority to negotiate an award with the apparent responsible low bidder, but only if the low bid is within twenty percent (20%) of the amount appropriated.
You indicate that on May 24, the Heber Springs School District opened bids for a major construction project designed to expand the District's facilities. The resulting low bid, you note, was 43% over the "projected costs."[3] You also note that all funds for the project will be generated from local property taxes, and that no "state funds" will be used for construction purposes. You have asked that I clarify whether, based upon the above conditions, the 20% restriction of A.C.A.22-9-203(e) is applicable, and whether the Heber Springs School District can negotiate an award of contract with the apparent responsible low bidder.
It is my opinion, assuming that contract exceeds thirty thousand dollars, that A.C.A. 22-9-203(e) is applicable, and the School District may not negotiate an award of the contract if the low bid was not within twenty percent of the amount appropriated.
In my opinion, A.C.A. 22-9-203 was intended to be applicable to school districts, counties and municipalities regardless of the source of the funds to be utilized for the project. That is, the statute applies despite a lack of "state" funding. In response to the latter part of your question, it was concluded in Op. Att'y Gen. 93-445 (copy enclosed) that under subsection (e) of A.C.A. 22-9-203, "once the low bidder has been determined, if the `20% rule' has not been met, no negotiations or award of a contract for the project may occur."
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
Enclosure
[1] Your request actually refers to A.C.A. 6-21-304 (Repl. 1993). This statute governs the purchase, by school districts, of "commodities," and does not apply to construction contracts. I therefore assume that your real question regards A.C.A.22-9-203, which contains the language quoted in your request.
[2] Although this subsection of the statute refers to a "state agency," it is my opinion that this phrase, when viewed in light of the statute as a whole, has reference to each of the entities and subdivisions listed in subsection (a), including school districts.
[3] You indicate that all the bids exceeded the "projected costs" of the project. I assume that each exceeded the "amount appropriated" as well. See generally Op. Att'y Gen. 93-445, supra, at 2.